UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ERIK DIAZ GARCIA,

                Petitioner,

v.

ICE FIELD OFFICE DIRECTOR,

                Respondent.

CASE NO. 2:26-cv-01868-DGE

ORDER STRIKING SCHEDULING
ORDER AND DIRECTING
PETITIONER TO FILE AN
AMENDED COMPLAINT

Before the Court is Petitioner's petition for a writ of habeas corpus.  (Dkt. No. 1.)  Under Rule 4 of the Rules Governing § 2254 cases ("Habeas Rules"), the Court is required to perform a preliminary review of a habeas petition.[1]  Rule 4 directs the Court to dismiss a habeas petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Dismissal under Rule 4 "is required on procedural grounds, such as failure to exhaust or untimeliness, or on

---

[1] Available at: https://www.uscourts.gov/file/27805/download (last accessed April 6, 2026). The Habeas Rules also apply to § 2241 petitions. See Rule 1(b) (permitting application of the Habeas Rules to other habeas corpus petitions at the Court's discretion).

ORDER STRIKING SCHEDULING ORDER AND DIRECTING PETITIONER TO FILE AN AMENDED COMPLAINT - 1

substantive grounds where the claims are 'vague,' 'conclusory,' 'palpably' incredible,' or 'patently frivolous or false.'" *Neiss v. Bludworth*, 114 F.4th 1038, 1040 (9th Cir. 2024) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75–76 (1977)). "A petition may not be cognizable, for example, where the petitioner fails to allege a federal claim . . . or when no claim for relief is stated[.]" *Id.* at 1045 (internal citations and quotations omitted).

A habeas petition must: (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or person authorized to sign it for the petitioner under 28 U.S.C. § 2242. Habeas Rule 2(c).

Here, Petitioner's habeas petition is deficient. Petitioner has submitted a form habeas petition that does not identify any facts specific to his case other than (1) he has been detained for a period of one month and entered the Northwest ICE Processing Center ("NWIPC") on April 12, 2026 and (2) he does not have a stay of removal from the Ninth Circuit. (Dkt. No. 1 at 1–2.) The remainder of his petition includes unrelated legal standards from a plug-and-play form habeas petition with no apparent application to his case, nor any indication of which causes of action Petitioner is specifically alleging and for what conduct. (*See id.* at 2–6.) Because Petitioner's petition includes no facts to support a cause of action, his petition is not cognizable. *Neiss*, 114 F.4th at 1045 (citation and quotation omitted); Habeas Rule 2(c).

Additionally, this Court lacks jurisdiction because Petitioner fails to name his custodian as a Respondent. He lists only "ICE Field Office Director" as a Respondent in his petition. (Dkt. No. 1 at 1.) "[H]abeas petitioners challenging their present physical confinement [must] name their immediate custodian, the warden of the facility where they are detained, as the respondent to their petition." *Doe v. Garland*, 109 F.4th 1188, 1197 (9th Cir. 2024); *see also*

ORDER STRIKING SCHEDULING ORDER AND DIRECTING PETITIONER TO FILE AN AMENDED COMPLAINT - 2

*Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004); *Rivera-Trigueros v. Becerra*, 720 F. Supp. 3d 808, 811–813 (N.D. Cal. 2024).  If a petitioner fails to do so, the district court lacks jurisdiction over the petition.  *Doe*, 109 F.4th at 1195–1197.  For this matter to proceed, Petitioner must name his current custodian as a respondent—in this case, the warden of the NWIPC.  Otherwise, the Court does not have jurisdiction to review the petition.

Accordingly, pursuant to the Habeas Rules, the Court STRIKES the scheduling order (Dkt. No. 2) and directs Petitioner to file an amended petition that addresses the deficiencies identified above no later than **July 1, 2026**.  Petitioner's amended petition must clearly identify the facts supporting each cause of action in his petition and name the proper respondent(s).  If Petitioner fails to file an amended petition that adequately addresses the issues identified herein by the required deadline, the Court may dismiss this action without prejudice.  A scheduling order will issue only after a proper amended petition is filed.

The Clerk is directed to calendar this event and to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address and is further directed to send Petitioner a copy of the Court's "Petition for a writ of habeas corpus under 28 U.S.C. § 2241 – Immigration Cases Information Sheet."

Dated this 1st day of June, 2026.

David G. Estudillo
United States District Judge

ORDER STRIKING SCHEDULING ORDER AND DIRECTING PETITIONER TO FILE AN AMENDED COMPLAINT - 3